THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL NO. 710 HEALTH AND WELFARE FUND, and INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL NO. 710 PENSION FUND, <br><br> Plaintiffs, <br><br> v. <br><br> ABF FREIGHT SYSTEM, INC., a Delaware Corporation, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## C O M P L A I N T

Plaintiffs, INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL NO. 710 HEALTH AND WELFARE FUND, and INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL NO. 710 PENSION FUND, by and through their Attorney, Robert B. Greenberg of Asher, Gittler & D'Alba, Ltd., complaining of Defendant, ABF FREIGHT SYSTEM, INC., a Delaware Corporation, allege as follows:

1. This action is brought under the provisions of Sections 502(g)(2), (a)(3), of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C., Secs. 1132(g)(2), (a)(3), and 1145.

2. Jurisdiction in this Court is based upon Sections 502(e)(1) and 502(e)(2) of ERISA [29 U.S.C. Sec. 1132(e)(1) and (e)(2)], which states in relevant part:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

3. The LOCAL 710 HEALTH, WELFARE AND PENSION FUNDS, ("Funds") have been established pursuant to collective bargaining agreements heretofore entered into between the International Brotherhood of Teamsters, Local Union No. 710 ("Union") and various employers and the Funds are maintained and administered in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended, ERISA and other applicable federal law and the Funds are administered pursuant to the terms and provisions of a certain Restated Agreement and Declaration of Trust ("Trust Agreement").

4. The Funds' offices are located at 9000 West 187th Street, Mokena, IL 60448 and the Funds are administered in the Northern District of Illinois.

5. As provided in the Trust Agreement, Plaintiffs are required to receive, hold and manage all monies required to be contributed to the Funds in accordance with the provisions of the then applicable Collective Bargaining Agreement for the uses and purposes set forth in the Trust Agreement.

6. Defendant is an employer engaged in an industry affecting commerce and maintains its principal place of business at 1801 Barrington Ln., Fort Smith, AR 72908.

7. Defendant employs or has employed persons represented for collective bargaining purposes by the Union and agreed to be bound by the Collective Bargaining Agreement known as the Teamsters National Freight Agreement, by the terms of which Defendant was required to contribute to the Funds the increased amount of one dollar per

hour commencing on August 1, 2013, and monthly thereafter.

8. Plaintiffs are advised and believe that Defendant has failed to submit the required payments to the Funds pursuant to the terms of the Collective Bargaining Agreement by which it was bound, all in violation of its contractual obligations and its obligations under applicable federal statutes.

9. As a result of the above-described omissions and breaches of agreement by Defendant, Plaintiffs may be required to (a) deny the employee beneficiaries for whom contributions have not been made the benefits provided under the benefit plan, thereby causing to such employee beneficiaries substantial and irreparable damage, or (b) to provide to employees of Defendant the benefits provided under the benefit plan, notwithstanding Defendant's failure to make the required contributions thereto, thereby reducing the corpus of such Funds and endangering the rights of the employee beneficiaries thereunder on whose behalf contributions are being made, all to their substantial and irreparable injury.

10. Plaintiffs, in their behalf, and on behalf of all employees for whose benefit the Funds were established, have requested Defendant to perform its obligations, but Defendant has refused and failed to perform as herein alleged.

11. Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreconcilable injury and damage unless Defendant is ordered to specifically perform all of its obligations required under the Collective Bargaining Agreement and the Trust Agreement, and is restrained from continuing to refuse to perform as thereunder required.

12. Defendant is delinquent to the Local 710 Health and Welfare Fund for the

period August 1, 2013, through April 30, 2014, in the amount of $341,762.90.

13. Defendant is delinquent to the Local 710 Pension Fund for the period August 1, 2013, through April 30, 2014, in the amount of $349,296.40.

14. Defendant's failure to pay is a violation of the Collective Bargaining Agreement and the Funds' Trust Agreements. Plaintiffs, therefore, seek enforcement of these provisions pursuant to Section 502(a)(3),(b)(ii) and Section 301(a) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C., Sec. 185(a).

15. That from August 1, 2013, through May 31, 2014, Defendant has employed, and will continue in the future to employ, diverse number of individuals which are unknown to Plaintiffs but are known to Defendant on whose behalf Defendant has improperly failed to report and remit contributions.

16. Plaintiffs are entitled to an accounting from Defendant, said accounting to state the number of individuals regularly employed by Defendant, including those regularly employed on a part-time basis, and the length of time all said individuals were employed by Defendant for the period August 1, 2013, through May 31, 2014.

WHEREFORE, Plaintiffs pray:

(a) That judgment enter in favor of the Local 710 Health and Welfare Fund and against Defendant in the sum of THREE HUNDRED FORTY ONE THOUSAND SEVEN HUNDRED SIXTY TWO AND 90/100 DOLLARS ($341,762.90).

(b) That judgment enter in favor of the Local 710 Pension Fund and against Defendant in the sum of THREE HUNDRED FORTY NINE THOUSAND TWO HUNDRED NINETY SIX AND 40/100 DOLLARS ($349,296.40).

(c) That Defendant be compelled to provide its books and records to Plaintiffs' Auditors for an updated audit.

(d) That Plaintiffs be awarded their costs, including reasonable attorneys' fees incurred in the prosecution of this action as provided in the Collective Bargaining Agreement and under the applicable provisions of ERISA, as amended.

(e) That interest and/or liquidated damages be assessed against Defendant as provided in the Collective Bargaining Agreement, the Funds' Trust Agreements and the applicable provisions of ERISA, as amended.

(f) For such other and further relief as the Court may determine just and proper.

/s/ Robert B. Greenberg
Asher, Gittler & D'Alba, Ltd.
200 West Jackson Boulevard, Suite 1900
Chicago, Illinois 60606
(312) 263-1500
Fax: (312) 263-1520
rbg@ulaw.com
IL ARDC#: 01047558